UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
KERWIN JOHNSON,                     :        16-civ-3116 (LAP)
                                    :
        PETITIONER,                 :        MEMORANDUM & ORDER
                                    :        ADOPTING REPORT &
                                    :        RECCOMENDATION
        v.                          :
                                    :
MICHAEL CAPRA,                      :
                                    :
        RESPONDENT.                 :
                                    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-27-18

LORETTA A. PRESKA, Senior United States District Judge:

        Petitioner Kerwin Johnson ("Petitioner" or "Johnson"), pro
se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
(See Petit. Writ Habeas Corpus ("Petit."), Apr. 26, 2016, ECF
No. 2.)  On October 2, 2009, Johnson pled guilty in New York
State Supreme Court, Criminal Term, to (1) criminal sale of a
controlled substance in the second degree, (2) criminal
possession of a controlled substance in the third degree, and
(3) assault in the second degree.  For these charges, Justice
Bonnie Wittner sentenced Johnson to, respectively, concurrent
sentences of (1) nine-and-a-half-years plus five years post-
release supervision, (2) six years of imprisonment plus five
years post-release supervision, and (3) five years imprisonment
plus five years post-release supervision.  The court later

1

reduced Petitioner's post-release supervision sentence for third-degree drug possession from five to three years. Johnson appealed his conviction and filed a motion to vacate his guilty plea and a motion to set aside his sentence. The state court affirmed Johnson's conviction, denied each motion, and denied leave to appeal. Johnson subsequently filed a motion to vacate judgment, two separate petitions for a writ of error coram nobis, and a CPL § 390.50 motion, and the state court denied each. Johnson then sought a writ of habeas corpus, which was referred to United States Magistrate Judge Ronald L. Ellis. (See Order Referring Case to Magistrate Judge, June 21, 2016, ECF No. 5.) Michael Capra ("Respondent") filed a motion to dismiss the petition. (Mem. Law in Supp. Respt's Mot. Dismiss. ("Resp. Mot."), Aug. 30, 2016, ECF No. 12.)

On September 29, 2017, Judge Ellis issued a Report and Recommendation ("Report") in which he recommended that this Court grant Respondent's motion to dismiss. (R. & R. at 11, Sept. 19, 2017, ECF No. 24). Johnson subsequently filed objections to the Report, see Obj. to R. & R., Oct. 31, 2017, (ECF No. 27) ("Objections"), and requested that the Court take judicial notice of an affidavit in which he provided a factual timeline pursuant to Federal Rule of Evidence 201. (Pet'r's Decl., Nov. 1, 2017, ECF No. 29.) For the following reasons, and upon de novo review of the objected-to portions of the

Report, the Report is adopted in full, and Johnson's objections
are overruled.

I.    Background

The Court assumes familiarity with the relevant factual
background and procedural history as set out in the Report.
(R. & R. at 1-6).  Johnson's habeas petition states several
grounds for relief:  (1) his trial counsel was ineffective for
failing to investigate certain evidence, for failing adequately
to discuss Petitioner's case with him, and for failure to advise
him at sentencing; (2) the state court improperly withheld
Rosario discovery; (3) the sentencing court improperly relied on
the pre-sentence report because it contained inaccurate
information about the assault of the arresting officer; (4) the
plea court failed to inform him that his sentence of nine-and-a-
half-years plus five years of post-release supervision amounted
to a total sentence of fourteen-and-a-half years; (5) the state
court failed to address claims he raised in his reply brief when
it denied his § 440.10 and § 440.20 motions; (6) his pre-
sentence report contained newly discovered facts; and (7) his
counsel was ineffective because she denied his access to the
pre-sentence report and failed to raise obvious issues on direct
appeal.  (See Petit.)

3

In his motion to dismiss, Respondent argues that Johnson's
Petition is time-barred. Respondent asserts that the one-year
statute of limitations under the Anti-Terrorism and Effective
Death Penalty Act of 1996 ("AEDPA") required Johnson to file a
Petition before March 9, 2012, one year after his sentence
became final. Because Johnson did not file his Petition until
April 14, 2016, Respondent argues that Johnson's Petition is
untimely under AEDPA. (Resp. Mot. at 12-13.) Respondent also
contends that Johnson is not entitled to equitable tolling of
the statute of limitations and that Johnson failed to make a
gateway showing of actual innocence. For these reasons,
Respondent argues that the Petition should be denied. (Resp.
Mot. 13-18.)

In his Report, Judge Ellis recommended that the Court grant
Respondent's motion to dismiss. (R. & R. at 11). Judge Ellis
found that Johnson's Petition was untimely because he did not
file it within one year of his state court sentence becoming
final. (R. & R. at 11). Judge Ellis further found that the
factual predicate for Johnson's claim was established well
before his sentencing and therefore denied him additional time
to file his Petition. (R. & R. at 7-8). Judge Ellis declined to
toll the statute of limitations equitably because there was no
showing that Johnson pursued judicial remedies during the
statute of limitations period or that he faced extraordinary

circumstances. (Id. at 8-9.)  Finally, Judge Ellis found that
Johnson did not make a credible showing of actual innocence.
(Id. at 10-11.)

Johnson timely filed objections to the Report, which the
Court reviews below.

II.  Standard of Review

In reviewing a Report and Recommendation ("R&R"), a
district court "may accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b).  Where a petitioner makes a timely
objection to the R&R, "[t]he district judge must determine de
novo any part of the magistrate judge's disposition that has
been properly objected to." Fed. R. Civ. P. 72(b)(3); United
States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Where a pro se litigant files objections to the R&R, the
objections are "generally accorded leniency," and a court should
construe them to "raise the strongest arguments that they
suggest." Milano v. Astrue, No. 05 Civ. 6527 (KMW)(DCF), 2008 WL
4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citations and internal
quotation marks omitted), aff'd, 382 F. App'x 4 (2d Cir. 2010).
When a petitioner's objections simply reiterate previous
arguments or amount to conclusory statements, however, the court
should review such objections for clear error.  See Genao v.

5

United States, No. 08 CIV. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed 'a second bite at the apple' by simply relitigating a prior argument." Pinkey v. Progressive Home Health Servis., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing Camardo v. Gen Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 381-382 (W.D.N.Y. 1992)). Further, because "new claims may not be raised properly at this late juncture," such claims "presented in the form of, or along with, 'objections,' should be dismissed." Pierce v. Mance, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).


III. Petitioner's Objections

Read liberally, Johnson objects to Judge Ellis' Report on three principal grounds. First, Johnson argues that because he only could have established the factual predicate for his claim after his sentence became final, Judge Ellis should have calculated the statute of limitations to expire one year from the date on which his claim accrued, pursuant to 28 U.S.C. § 2244 (d)(1)(D). Second, Johnson asserts that the state court's denial of Rosario discovery before his plea and his counsel's failure to investigate created extraordinary

circumstances that warranted equitable tolling of the statute of limitations. Third, Johnson asserts that Judge Ellis misapplied the law and failed to consider the totality of the evidence in denying his actual innocence claim. (See Obj. to R. & R) The Court addresses each of Johnson's objections in turn.

1. Timeliness of the Petition under AEDPA

AEDPA applies a one-year statute of limitations for an application for a writ of habeas corpus. 28 U.S.C. § 2244 (West). Relevant here, the one-year period begins from the later of: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244 (d)(1)(A) or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under 28 U.S.C. § 2244 (d)(1)(D).

Johnson objects to Judge Ellis' conclusion that the statute of limitations period began to run when Johnson's sentence became final. (Obj. to R. & R. at 7-8.) Johnson asserts that he could have only discovered the factual predicate of his claim after his sentence became final and, therefore, the statute of limitations should run from that later date pursuant to 28 U.S.C. § 2244 (d)(1)(D). (Id.) Specifically, he argues that he did not have a sufficient basis to assert his claim until

7

January 13, 2013,[1] nearly two years after his guilty plea, when
he received an Affidavit from an individual who spoke with a
store owner on West 118th about the video surveillance cameras
installed on the premises. (Obj. to R. & R. at 7.) Johnson
asserts, however, that "[e]ven if the information did exist
before the plea, it was still denied by the state court, and
counsel failed to investigate" it further to obtain sufficient
information to assert a claim. (Id.) Johnson believes he should
receive "credit . . . for the years of effort it took him to
recover the body of new evidence." (Id.) He further asserts
that Judge Ellis misapplied the law because he "did not apply
the due diligence inquiry to [Johnson's] fact-specific
circumstances." (Id. at 8.)

### i. Plaintiff is Not Entitled to a Later Starting Point Under Section 2244(d)(1)(D)

Section 2244(d)(1)(D)'s factual predicate provision "is not
a tolling provision that extends the length of the available
filing time by excluding certain periods that post-date the
start of the limitations clock from the calculation of how much

---

[1] In his Objections, Johnson states that "the final piece of
evidence accumulated on January 13, 2013." (Obj. to R. & R. at
7-8). Although the exact date is of no consequence in deciding
the instant Petition, the Court assumes that Johnson refers to
his receipt of an Affidavit from Jason Grant, which Johnson
states was submitted on January 18, 2013 in his Declaration.
(Pet'r's Decl. ¶ 12.)

time has run.  Rather, it resets the limitations period's

beginning date, moving it from the time when the conviction

became final . . .  to the later date on which the particular

claim accrued." Wims v. United States, 225 F.3d 186, 190 (2d

Cir. 2000); see also Herring v. Superintendent, No. 09 CIV 7610

(BSJ)(JCF), 2010 WL 5463869, at *3 (S.D.N.Y. Dec. 2, 2010).

When assessing a Petitioner's claim that the statute of

limitations under AEDPA should begin to run later under

§ 2244(d)(1)(D) because the facts supporting the claim could not

have been discovered within one year of when the judgment of

conviction became final, "[t]he proper task . . . is to

determine when a duly diligent person in petitioner's

circumstances would have discovered" the facts necessary for a

claim. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000);

Gonzalez-Ramos v. United States, No. 05 CIV. 3974, 2007 WL

1288634, at *7 (S.D.N.Y. May 2, 2007).  This is a "fact-specific

inquiry which requires a district court to analyze the factual

bases of each claim and to determine when the facts underlying

the claim were known, or could with due diligence have been

discovered." Rivas v. Fischer, 687 F.3d 514, 534 (2d Cir. 2012).

The relevant inquiry is whether "the factual predicate of a

claim could have been discovered," as opposed to "the date on

which the petitioner has in his possession evidence to support

his claim." Rodriguez v. People of the State of New York, 01

Civ. 9374, 2003 WL 289598, at *15 (S.D.N.Y. Feb. 11, 2003), report and recommendation rejected sub nom. Rodriguez v. People of State of N.Y., No. 01-CV-9374, 2004 WL 5575050 (S.D.N.Y. Sept. 7, 2004) (collecting cases). "The statute does not require the maximum feasible diligence, only due, or reasonable diligence." Id. at 190, n.4; accord, e.g., Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) ("Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."). Facts or evidence that existed at an earlier date, even if unknown to a petitioner, cannot later be described as "newly discovered." See Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012). Section 2244(d)(1)(D) therefore "'does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.'" Lucidore v. New York State Div. of Parole, No. 1:99-CV-2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999) (quotation omitted), aff'd 209 F.3d 107 (2d Cir. 2000).

Johnson's claim that he was entitled to additional time to file his Petition under § 2244(d)(1)(D) is unavailing. More than a year before his sentence became final, Johnson was aware of the facts that he now alleges support his claim regarding the assault of the officer. In fact, Johnson asserted this claim to

10

the state court as early as before his sentencing. Johnson addressed a letter to the sentencing judge on October 8, 2008 alleging that "it was reported by [his] attorney that Sgt. Hom['s] medical report read that he fell into a fence and injured his shoulder, which he reported four days later." (Attachment 1, 40 Aug. 30, 2016 ECF No. 13.) Further, on November 9, 2009, Johnson's attorney sent Johnson a copy of Sergeant Hom's medical records from the day of the alleged assault. (Attach. 1 at 40, 10 Aug. 30, 2016, ECF No. 13.) In his Petition, Johnson states that the medical records that he received "reveal . . . evidence that Petitioner was actually innocent of the charge of assault in the second-degree." (Petit. at 15.) The Court therefore need not inquire whether a duly diligent person in Petitioner's circumstances could have discovered the factual predicate for his claim, because Johnson actually possessed the facts that underlie his claim before his sentence became final.

Johnson is still not entitled to additional time to file his Petition under §2244(d)(1)(D) even if the Court assumes, arguendo, that the 911 Sprint Sheet and Sergeant Hom's memo were necessary to form a factual predicate for his claim. (Pet'r's Decl.) In his Petition, Johnson states that "both documents reveal Petitioner was/is actually innocent of Assault in the second degree." (See Petit. at 15.) Johnson received each of

11

these documents on June 21, 2010, in response to his Freedom of Information Act ("FOIA") requests. (Id.; R. & R. at 7.) Because Johnson's sentence did not become final until March 10, 2011, nearly nine months later, this remains the date on which his claim accrued for the purposes of the statute of limitations under AEDPA.

The Court denies Johnson's objection to Judge Ellis's report that Johnson should have received credit for the full duration of "his investigative and litigious conduct" because it "resulted in a new body of evidence," including the "final piece of evidence accumulated on January 13, 2013." (See Pet'r's Obj. at 3-4.) The Court need not toll the statute of limitations for a petitioner to accumulate every piece of evidence, because when "new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." See Rivas, 687 F.3d at 535. Because Johnson received the materials that provided him with the factual predicate for his claim well before his sentence became final, 2244(d)(1)(D) is inapplicable.

ii.  The Petition is untimely under Section
2244(d)(1)(A)

Johnson does not dispute the Report's finding that he failed
to file his Petition within one year of March 9, 2011, the date
on which his sentence became final.  As Johnson notes in his
affidavit, he submitted no post-conviction applications until he
filed his state § 440.10 and § 440.20 motions on March 7, 2013,
nearly two years after his sentencing.  Accordingly, the statute
of limitations ran uninterrupted from March 10, 2011 and expired
on March 9, 2012.  Because Johnson did not file his Petition
until nearly four years later, his Petition is untimely under
AEDPA.


2. Equitable tolling

The AEDPA limitations period is not jurisdictional and it
is subject to the doctrine of equitable tolling.  See Holland v.
Florida, 560 U.S. 631, 649 (2010); Smith v. McGinnis, 208 F.3d
13, 17 (2d Cir. 2000).  However, equitable tolling is warranted
only in "'rare and exceptional circumstances.'" Harper v.
Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (quoting Baldayaque v.
United States, 338 F.3d 145, 151 (2d Cir. 2003)).  Tolling of
AEDPA's limitation period requires a petitioner to show: "'(1)
that he has been pursuing his rights diligently, and (2) that
some extraordinary circumstances stood in his way and prevented

timely filing.'" Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010) (quoting Holland, 560 U.S. at 649).

In determining whether a petitioner was confronted with "extraordinary circumstances," "the proper inquiry is not how unusual the circumstance alleged to warrant the tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). The Court of Appeals "set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam); Clarke v. United States, No. 13CIV0126(LAP)(HBP), 2017 WL 2124467, at *3 (S.D.N.Y. Apr. 10, 2017), report and recommendation adopted, No. 13 CIV. 0126 (LAP), 2017 WL 2123856 (S.D.N.Y. May 15, 2017).

In his Objections, Johnson cites two events that he argues created extraordinary circumstances: (1) the state court "wrongfully denied discovery" before his guilty plea, and (2) his counsel failed to investigate and recover police reports and pre-sentencing reports.

As to the state court's denial of discovery before Johnson's sentencing, in New York, Rosario requires prosecutors to "make available to the defendant . . . any written or recorded statement . . . made by a person whom the prosecutor

14

intends to call as a witness at trial, and which relates to the subject matter of the witness testimony." People v. Rosario, 173 N.E.2d 881, 883 (N.Y. 1961), as codified in N.Y. Crim. Proc. Law § 240.45(1)(a). A Rosario claim, however, is a state law claim that is not cognizable on federal habeas review. See Collins v. Artus, 496 F. Supp. 2d 305, 317 (S.D.N.Y. 2007); Watkins v. Perez, No. 05 Civ. 477, 2007 WL 1344163, at *24 (S.D.N.Y. May 7, 2007); Pena v. Fischer, No. 00 Civ. 5984, 2003 WL 1990331, at *10 (S.D.N.Y. Apr. 30, 2003) ("[F]ederal courts have consistently held that Rosario claims are not subject to federal habeas corpus review because they arise exclusively under state law."). Nevertheless, prosecutors were not required to give Johnson Rosario materials at the time he pled guilty. See N.Y. Crim. Proc. Law § 240.45 (requiring the turning over of Rosario discovery "after the jury has been sworn and before the prosecutor's opening address"). The state court's denial of Rosario materials is therefore not sufficient to constitute an extraordinary circumstance that would warrant equitable tolling.

Johnson's allegation that his counsel's failure to investigate and recover police reports and pre-sentencing reports also does not amount to an extraordinary circumstance that prevented him from filing a timely petition. Even assuming that Johnson's counsel did not recover these documents, by June 21, 2010, Johnson had Sergeant Hom's medical report, the 911

Sprint Sheet, and Sergeant Hom's memo in his possession. (Pet'r's Decl. at 2.) Johnson did not file his Petition until April 14, 2016. (See Petit.) Johnson has not demonstrated a "causal relationship between the extraordinary circumstances" he alleges and "the lateness of his filing," which came nearly five years after he received the documents. Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010). On the contrary, Johnson attempts to justify his delay on the grounds that it "avoided filing separate motions upon each document he obtained." (See Pet'r's Obj. at 4.) In sum, Johnson has failed to make the requisite showing of an "extraordinary circumstance." Accordingly, his request for equitable tolling of the statute of limitations is therefore denied.

### 3. Actual Innocence

A Petitioner may also circumvent the AEDPA limitations period if he or she makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383 (2013). To demonstrate actual innocence, a petitioner must show that "he is actually innocent of the crime for which he has been convicted." Danielson v. Lee, No. 09 CIV. 3839 (LAP), 2015 WL 4879140, at *3 (S.D.N.Y. Aug. 13, 2015), aff'd, No. 15-3222, 2017 WL 5438875 (2d Cir. Nov. 14, 2017) (citing Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002)). Actual innocence is "factual innocence

. . . not mere legal insufficiency." <u>Bousley v. United States</u>,
523 U.S. 614, 623 (1998).

The Court of Appeals has indicated that the standard for
making a claim of actual innocence is not a low bar:

> [The claim must] be both 'credible' and
> 'compelling.' To be 'credible,' the claim must be
> supported by 'new reliable evidence—whether it be
> exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence—
> that was not presented at trial.' For the claim to
> be 'compelling,' the petitioner must demonstrate
> that 'more likely than not, in light of the new
> evidence, no reasonable juror would find him guilty
> beyond a reasonable doubt—or to remove the double
> negative, that more likely than not any reasonable
> juror would have reasonable doubt.'

<u>Rivas v. Fischer</u>, 687 F.3d 514, 541 (2d Cir. 2012) (quoting
<u>House v. Bell</u>, 547 U.S. 518, 521-22 (2006)).

In his Objections, Johnson again makes a claim of actual
innocence only with respect to his assault of the officer.
(Pet'r's Obj. at 1-3). As Judge Ellis noted regarding the
claims in Johnson's Petition, however, Johnson still does not
actually deny pushing the officer. (<u>Id.</u>) Instead, Johnson again
points to varying accounts of the officer's injury. (<u>Id.</u>) He
states that the arrest report, officer's notes, and 911 Sprint
Sheet do not contain mention of the officer's injury, and that
the PSI Report and the officer's medical records attributed
different causes to and descriptions of the officer's injury.
(<u>Id.</u>)

In assessing whether proffered evidence is credible, the evidence a petitioner submits must be new. However, "circuit courts are split on whether 'new' includes only 'newly discovered' evidence — evidence that was not <u>available</u> at the time of trial — or more broadly encompasses 'newly presented' evidence — all evidence that was not <u>presented to the jury</u> during trial." <u>Barrientos v. Lee</u>, No. 14CV3207(LTS)(JCF), 2015 WL 3767238, at *11 (S.D.N.Y. June 17, 2015) (citing <u>Lopez v. Miller</u>, 915 F.Supp.2d 373, 400 n.16 (E.D.N.Y. 2013)) (emphasis in original). Although "the Second Circuit in <u>Rivas</u> appeared to adhere to the newly presented interpretation of the <u>Schlup</u> standard," it did not "discuss the issue in detail." <u>Barrientos</u>, 2015 WL 3767238, at *11.

Much of the evidence on which Johnson relies was available to him before his sentencing. However, even assuming, <u>arguendo</u>, that the evidence Johnson proffers is new because he pled guilty and it was never presented to a jury, the documents he offers simply do not rise to the level of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that is required to meet the first prong of an actual innocence claim. <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995); <u>see also</u> <u>Barrientos</u>, 2015 WL 3767238, at *12 (listing signed, notarized, and sworn statements of alibi witnesses, written recantation of the prosecution's only witness, and unchallenged

testimony of expert forensic pathologist as examples of new and reliable evidence that meets the credibility prong); Diaz v. Bellnier, 974 F. Supp. 2d 136, 144 (E.D.N.Y. 2013) (rejecting police reports that indicated inconsistent statements because they "are simply not the type of evidence that meet the Schlup requirement of credible and reliable new evidence").

Johnson's failure to offer such evidence is fatal to his actual innocence claim. Further, his proffered evidence is also not compelling. Even the documents' omissions or inconsistencies relating to the officer's injury does not show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. The officer's medical report documents an injury, and, as the Report notes, the officer could have been called as a witness had Johnson decided to go to trial. (R. & R. at 11.)

Johnson's admission in court further undermines his claim of actual innocence. A petitioner's guilty plea may undermine his actual innocence claim. See Bower v. Walsh, 703 F. Supp. 2d 204, 227 (E.D.N.Y. 2010) ("The Second Circuit has held that a habeas court can consider a guilty plea in the context of making an actual innocence determination") (citing Doe v. Menefee, 391 F.3d 147, 168–69 (2d Cir. 2004) and Rosario v. U.S., 164 F.3d 729, 734 (2d Cir. 1998)); see also Jones v. Smith, No. 09 CIV.

8437(JGK), 2011 WL 2693536, at *5 (S.D.N.Y. June 30, 2011)

("Petitioner's new claim of innocence is directly contradicted

by the petitioner's detailed sworn admission of guilt during his

1986 guilty plea allocution, and the petitioner offers no

explanation for his original guilty plea in light of his new

innocence claim.")

     Before pleading guilty, Johnson questioned his assault

charge and admitted to pushing the officer and injuring him:

Mr. Johnson: Your Honor, I say I plead guilty to the assault in
the third degree, but the, I mean, I plead guilty to possession
in the third degree, but the assault in the second degree, I
never assaulted the officer.

The Court: Then we can't take the plea.

That's part of the agreement, correct?

. . .

The Court: It's not alleged that you intended to cause injury,
but that you did an action which, pushing him, caused him
physical injury while he was in the performance of a lawful
duty, which was effectuating an arrest for your possession of
heroin.

(Pause.)

Mr. Johnson: I understand, your honor.

The Court: Well, did you do those things?

Mr. Johnson: Yes

(Sentencing Transcript 19, 20, Aug. 30, 2016, ECF No. 13-8.)

Johnson's admission under oath to pushing the officer and causing him injury clearly contradicts his claim of actual innocence. Johnson's attempts to cast doubt on the extent of the officer's injury amounts to an attack on the legal insufficiency of the second-degree assault charge to which he pled guilty. The Court therefore agrees with the Report's finding that, in light of the other evidence, Johnson cannot show that it is more likely than not that no reasonable juror would have found the him guilty. Accordingly, Johnson has failed to make a gateway showing of actual innocence.

IV.  Conclusion

For the foregoing reasons, the Report and Recommendation is hereby ADOPTED to the extent consistent with this order. Johnson's habeas corpus petition is DENIED, and his objections are OVERRULED. The Court declines to issue a certificate of appealabiltity because Johnson has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

SO ORDERED.

Dated:    New York, New York
          March 27, 2018

LORETTA A. PRESKA
Senior United States District Judge

21